UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DANIEL WAYNE SEAL, )
)
    *Plaintiff*, )
) No.: 2:14-cv-121-JRG-DHI
v. )
)
LT. BUTCH GALLION, )
)
    *Defendant*. )
)

## MEMORANDUM

This *pro se* Hawkins County jail inmate filed this *pro se* civil rights action under 42 U.S.C. § 1983. A copy of an order entered in this lawsuit and a service packet was mailed to plaintiff at the address he listed as his current address in his complaint but these documents were returned to the Court by the postal authorities more than ten days ago, with the face of the envelope marked, "RTS, Return to Sender- Refused-Unable to Forward" (Doc. 5).

By separate letter, the Hawkins County Jail Administrator has informed the Court that plaintiff was released from that facility on June 2, 2014, and has attached the booking sheet for the Court's review (Doc. 6). The information contained in the booking sheet jibes with that furnished in the letter. Obviously, plaintiff has failed to provide the Court with notice of his address change and, without his current address, neither the Court nor defendants can communicate with him regarding his case.

Moreover, the only relief plaintiff sought in the complaint was injunctive relief, i.e., to be transferred to a state prison and for the medical and dental needs of state inmates at the jail to be met by the authorities. But since plaintiff has been released from confinement, a transfer to another facility is not feasible. Also, aside from any issue regarding plaintiff's standing to assert the rights of others prisoners, meeting the needs of state inmates housed in the Hawkins County jail would provide *him* no benefit because he is not presently confined in that institution and there is no indication that he will be imprisoned in there in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (noting that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Thus, this action solely for injunctive relief would be **MOOT**, even if plaintiff had notified the Court of his new address. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for want of prosecution. Fed. R. Civ. P. 41(b).

A separate judgment will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE